**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WELESLEY WALLACE, SALLY WALLACE,
and FABIAN WALLACE,

       Plaintiffs,

                                    Case No. 3:19-cv-1314-J-34MCR

vs.


KENNETH CUCCINELLI, et al.

       Defendants.

_____/

## O R D E R

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Plaintiffs initiated the instant action on November 11, 2019, by filing a four-count Writ of Mandamus and Complaint for Declaratory Relief. (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>See Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See id.</u> Here, Count Two states "The allegations set forth in Paragraphs

1-84 are repeated and incorporated as if fully set forth herein," which includes all the allegations set forth in Count One. <u>See</u> Complaint at 12. Counts Three and Four each also "repeat[] and incorporate[]" all the allegations set forth in the preceding counts. <u>See</u> Complaint at 14, 16.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." <u>See</u> <u>Weiland</u>, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. <u>See id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see</u> <u>also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Accordingly, it is hereby

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **December 6, 2019**. Failure to do so may result in a dismissal of this action.[1]

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on November 22, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record

---

[1] The Court notes the Complaint misidentifies Defendant David Pekoske as "Acting Secretary of the U.S. Department of Homeland Security." Complaint ¶ 10. The current Secretary of the U.S. Department of Homeland Security is Chad F. Wolf. See Official website of the Department of Homeland Security, http://dhs.gov/leadership.